The STATE, Respondent, vs. SCHAEFFER, Appellant.

*October 9—November 7, 1906.*

*Physicians and surgeons: Annulment of license or certificate for fraud: Retroactive statute: Validity: Limitation of actions: Parties.*

1. Ch. 422, Laws of 1905 (giving circuit courts power to annul any license or certificate of registration issued to any person to practice medicine "who is guilty of immoral . . . conduct after the passage of this act or who has procured such license or certificate . . . by fraud or perjury, or where the same was obtained through error"), is so far retroactive as to authorize annulment of the certificate of a person practicing medicine after the passage of the act where he had procured such certificate by fraud or perjury or through error before such passage.
2. Such act, so construed, is not an *ex post facto* law, the annulment of the certificate not being in the nature of a punishment but intended only for the protection of the public against incompetency and unfitness.
3. The civil action in the name of the state, authorized by ch. 422, Laws of 1905, to annul a license or certificate of registration issued to a person to practice medicine, is not an action to enforce a penalty or forfeiture; and the time for the commence-

ment thereof is not limited by secs. 4222, 4224, 4629, or 4630, Stats. 1898.

4. The fact that the complaint in such an action is signed by an attorney for the Wisconsin board of medical examiners, as well as by the district attorney, does not make such board a party plaintiff, or render the complaint demurrable on the ground of defect of parties.

APPEAL from an order of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Affirmed.*

Action under ch. 422, Laws of 1905, to annul a certificate of registration issued by the Wisconsin board of medical examiners. The action is brought in the name of the state as plaintiff. The complaint begins as follows: "And now comes the above-named plaintiff [state of *Wisconsin*] by Francis E. McGovern, district attorney for Milwaukee county, and A. C. Umbreit, attorney for the Wisconsin board of medical examiners, and complains of the above-named defendant." The complaint is signed by "Francis E. McGovern, District Attorney," and by "A. C. Umbreit, Attorney for Wisconsin Board of Medical Examiners."

Defendant demurred to the complaint on the grounds (1) that it did not state facts sufficient to constitute a cause of action; (2) that there is a defect of parties plaintiff in that the Wisconsin board of medical examiners should not have been joined as plaintiffs; (3) that the action is barred by limitation, specifying subd. 1, 4, sec. 4224, subd. 7, sec. 4222, and secs. 4629, 4630, Stats. 1898. The trial court overruled the demurrer, and defendant appealed.

*John Toohey,* for the appellant, contended, *inter alia,* that defendant obtained his certificate September 25, 1899, under ch. 87, Laws of 1899. The only punishment inflicted at the time for any fraudulent representation was that prescribed in sec. 6 of said act, viz., a forfeiture of $50. The right to enforce such penalty was limited to two years by subd. 1, sec. 4224, Stats. 1898. See sec. 4229. The only power of

revocation which existed at the time defendant obtained his certificate was contained in sec. 1435*b*, Stats. 1898, and that was barred at the end of three years by sec. 4630. Defendant had a vested right which the law of 1905, if held constitutional, would deprive him of. At least the right of defense had vested in the defendant and cannot be taken away from him by the law of 1905, because it would be impairing and taking away a vested right, for the right of defense is a property right under the decisions of this court. *Eingartner v. Ill. S. Co.* 103 Wis. 373, 376; *Corbett v. Joannes,* 125 Wis. 370, 380. The Wisconsin board of medical examiners, through its attorney, has joined as plaintiff in the action. While, as a general rule, a demurrer for defective parties will not lie for excess of parties, yet where, as here, no costs could be taxed against the board as plaintiff, the demurrer should be sustained. *Read v. Sang,* 21 Wis. 678.

For the respondent there was a brief by *A. C. Umbreit,* attorney for Wisconsin board of medical examiners, and *F. E. McGovern,* district attorney, and the cause was argued orally by *Mr. Umbreit.* They argued, among other things, that under ch. 1, Laws of 1905, the time limited for the commencement of actions of this kind by the state is ten years, and the statutes cited by appellant are inapplicable. The right to practice medicine is not a vested or property right, but is practically a mere privilege. *State ex rel. Kellogg v. Currens,* 111 Wis. 431. The regulation of the practice of medicine is within the police power of the state, and hence no person can secure a vested or property right in such practice. *Meffert v. State Board,* 66 Kan. 710, affirmed 195 U. S. 625; *Hawker v. New York,* 170 U. S. 189; *State ex rel. Powell v. State Med. Exam. Board,* 32 Minn. 324. The Wisconsin board of medical examiners is not a party plaintiff. The fact that its attorney subscribed the summons and complaint as such attorney does not make the board a party.

CASSODAY, C. J.   This is an action commenced December 21, 1905, to revoke and annul the certificate of registration issued to the defendant by the Wisconsin board of medical examiners September 25, 1899, pursuant to ch. 87, Laws of 1899.   The action was instituted by the district attorney upon a verified complaint in writing being made to him December 18, 1905, by the secretary of said board, charging the defendant with having procured such certificate by fraud and perjury and through error, as specified in ch. 422, Laws of 1905.   The complaint alleges, among other things, in effect, that the defendant is and had been for more than five years prior to the commencement of this action a resident and practicing physician and surgeon in the county by reason and virtue of such certificate; that the defendant procured such certificate by exhibiting to the members of the board a document or paper purporting to be a diploma from the Collegium Medicinæ Independentiæ of Chicago, thereby representing that he was entitled to practice medicine and surgery and that such diploma was issued by a reputable, *bona fide* medical college, whereas, in truth and in fact, the same was a corporation chartered in 1896 and conducted for pecuniary considerations only, without regard to the qualification or fitness of the applicant to practice medicine, and conferred degrees upon persons wholly unfit and incompetent to engage in such practice; that the charter of said corporation was revoked by the judgment of a court in Chicago on February 1, 1899, and such judgment was affirmed by the supreme court of Illinois on October 10, 1899; that in his application for such certificate prior to September 25, 1899, the defendant falsely stated and represented, in effect, that he was for three years at the medical department of the University of Prague and a graduate thereof and held a diploma therefrom, and that he was for half a year at the Chicago institution mentioned and a graduate thereof and held a diploma therefrom; that such statements were false and untrue,

and in making the same the defendant was guilty of wilful and corrupt perjury for the purpose of deceiving said board and thereby obtained said certificate of registration; that said board was misled and deceived by the fraud, perjury, and misrepresentation so committed by the defendant and thereby induced to issue such certificate September 25, 1899, at which time the defendant was not a reputable resident physician or surgeon of good moral character who had prior to July 1, 1897, been in actual practice of medicine or surgery in this state, as mentioned in the statutes cited, and that no such certificate would have been issued except for such fraud, perjury, and misrepresentation; that such certificate was issued through error and mistake on the part of said board and under the belief of the board that the defendant was at the time a reputable resident physician or surgeon of good moral character who had been on July 1, 1897, in the actual practice of medicine or surgery in this state, and that he held a *bona fide* diploma from a reputable medical college; that by reason of such error and mistake said certificate was issued by said board. The defendant demurred to such complaint. This is an appeal from an order overruling such demurrer.

1. Ch. 422, Laws of 1905, among other things, declares:

"The circuit courts of this state are hereby vested with jurisdiction and power to revoke and annul any license or certificate of registration which has been *heretofore* or which may be *hereafter* issued to any person to practice medicine or surgery, or osteopathy in this state, who is guilty of immoral, dishonorable or unprofessional conduct, after the passage of this act or who has procured such license or certificate of registration by fraud or perjury, or where the same was obtained through error."

That act went into effect June 23, 1905, and this action was commenced six months afterwards. Counsel for the defendant contends that the act is not retroactive, and therefore that the complaint does not state a cause of action. This is

based upon the claim that "the words 'after the passage of this act,' " in the portion of the act above quoted, "qualify the entire clause" so quoted. And so it is claimed that "not only must the dishonorable and unprofessional conduct" therein mentioned "occur after the passage" of the act, "but also that the fraud, perjury, or error for which it is sought to annul the certificate must also have occurred after the passage of the act." In other words, the claim is that the circuit court had no jurisdiction or power to revoke or annul the certificate in question, although obtained by fraud, perjury, and misrepresentation, as alleged, for the simple reason that it was issued prior to the passage of the act in question.

We should be slow to hold that the circuit court has no jurisdiction or power to set aside a certificate of registration thus obtained, even in the absence of the act in question. But it is unnecessary to consider that question here, since the act declares, in effect, that such court may "revoke and annul any license or certificate of registration which has been . . . procured . . . by fraud or perjury, or where the same has been obtained through error." The word "heretofore," in the portion of the act quoted, manifestly refers to "any license or certificate of registration" issued prior to the passage of the act. So the act declares, in effect, that such practitioner "who is guilty of immoral, dishonorable, or unprofessional conduct," as defined therein, "after the passage of the act," may have his license or certificate of registration revoked or annulled, even though it was obtained without fraud or perjury or misrepresentation. The manifest purpose of the act is to prevent any incompetent or unfit person from practicing medicine or surgery or osteopathy, and thus to protect the public from the injuries which might otherwise be incurred. In the case at bar the demurrer admits that at the time of the commencement of this action, December 21, 1905, the defendant was residing in Milwaukee and practicing medicine and surgery therein, and had been so practicing medi-

cine and surgery therein for more than five years then last past, and was then claiming the right so to practice by reason of said certificate of registration. Thus, it is confessed that the defendant, by reason of said certificate, so practiced medicine and surgery in the county for six months after the passage of the act and before the commencement of this action, as well as for several years prior to the passage of the act. We must hold that the act in question was retroactive to the extent indicated.

2. With such construction counsel contend that ch. 422, Laws of 1905, is unconstitutional and void. That act declares, in effect, that "such action," "to revoke and annul any license or certificate of registration," "shall be commenced and prosecuted as a *civil action* in the name of the state of *Wisconsin* as plaintiff, and against such person complained against as defendant, and the rules of pleading, evidence, and practice in civil actions in the circuit court shall be applicable thereto, and either party may appeal from the circuit court to the supreme court as in other civil actions." We find nothing in the act which imposes a penalty or prescribes a forfeiture. The principal contention is that the act, as thus construed, is an *"ex post facto* law," and hence forbidden by both the federal and state constitutions. Sec. 10, art. I, Const. of U. S., and sec. 12, art. I, Const. of Wis. What is and what is not so prohibited has often been declared by the supreme court of the United States. Thus, it was held by that court long ago, in an opinion by Mr. Justice STORY, that the clause referred to "does not prohibit the states from passing retrospective laws generally, but only *ex post facto* laws. It has been solemnly settled by this court that the phrase 'ex post facto laws' is not applicable to civil laws, but to penal and criminal laws; which punish no party for acts antecedently done which were not punishable at all, or not punishable to the extent or in the manner prescribed. *Ex post facto* laws relate to penal and criminal proceedings which impose

punishments or forfeitures, and not to civil proceedings which affect private rights retrospectively." *Watson v. Mercer,* 8 Pet. 88. That court, speaking by the present chief justice, has recently stated:

"It may be said, generally speaking, that an *ex post facto* law is one which imposes a punishment for an act which was not punishable at the time it was committed, or an additional punishment to that then prescribed, or changes the rules of evidence by which less or different testimony is sufficient to convict than was then required, or, in short, in relation to the offense or its consequences alters the situation of the party to his disadvantage. . . . But the prescribing of different modes of procedure, and the abolition of courts and creation of new ones, leaving untouched all the substantial protections with which the existing law surrounds the person accused of crime, are not considered within the constitutional inhibition." *Duncan v. Missouri,* 152 U. S. 377, 382, 14 Sup. Ct. 570.

Similar statements were made by Mr. Justice HARLAN, speaking for the whole court, in a still later case (*Gibson v. Mississippi,* 162 U. S. 565, 589, 590, 16 Sup. Ct. 904). The case coming the nearest to the facts of the case at bar of any cited or found is *Meffert v. State Board,* 66 Kan. 710, 72 Pac. 247, affirmed on writ of error to the supreme court of the United States without criticism or comment in 195 U. S. 625, 25 Sup. Ct. 790. It is there held:

"The state, in the exercise of its police power in the interest of the health, good government, general welfare, and morals of the people, may prescribe the qualifications of persons desiring to practice medicine, and may create a board whose duty it shall be to hear and determine any complaint made against any person holding a physician's license and revoke such license for any cause provided for in the statutes. . . . Where the statute prescribes the qualifications of a physician, and proscribes the grossly immoral, and authorizes the cancellation of any certificate issued to such person, the application of this law to one whose habits were grossly immoral before the passage of the law is not in the nature of

a punishment, and therefore the statute is not *ex post facto,* but has in view only the qualifications of the physician and the protection of public morals." 66 Kan. 710.

The same case holds that such statute is no infringement of the XIVth amendment. In the case at bar defendant received the certificate of registration from the board on the supposition that he was a graduate from each of the institutions mentioned, and so, of course, was possessed of the requisite learning, skill, ability, and character to practice medicine or surgery. That certificate gave to the defendant the special privilege of practicing such profession, and he is still enjoying such privilege. The complaint now is that he procured such certificate by fraud, perjury, and misrepresentation, and hence that the same should be revoked and annulled in order to protect the public from incompetency and unfitness. The question involved concerns not only the defendant but also the public, and in the interest of all should be tried and determined by an impartial tribunal.

3. As indicated, this is not an action to enforce a penalty or forfeiture, but a civil action to set aside a certificate of registration for the reasons stated. We perceive no ground for the claim that the action is barred by the two years' statute of limitation, or the three years' statute of limitation, or any other statute of limitation.

4. This action is brought in the name of the state of *Wisconsin.* The Wisconsin state board of medical examiners is not a party. We perceive no ground for claiming that there is a defect of parties. We find no reversible error in the record.

*By the Court.*—The order of the circuit court is affirmed.