## In re LEONARD.

(Supreme Court, Appellate Division, First Department. July 8, 1908.)

1. ATTORNEY AND CLIENT—ADMISSION OF ATTORNEY—FRAUD—DISBARMENT.

Code Civ. Proc. § 67, as amended by Laws 1891, p. 116, c. 99, expressly conferred power on the Supreme Court to remove from office an attorney or counselor who had been guilty of any fraud or deceit in the proceedings by which he was admitted to practice.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attorney and Client, § 58.]

2. SAME—LIMITATIONS.

There is no limitation affecting a proceeding to disbar an attorney for fraud in the proceedings by which he was admitted to practice.

3. SAME—FRAUD—EVIDENCE.

Where a respondent presented to the Supreme Court an application for admission as attorney and counselor at law, alleging that he was an attorney duly admitted to practice in the courts of New Jersey, and in proof of such allegation presented an alleged certificate of the clerk of the Supreme Court of New Jersey certifying that such was the fact, which certificate was either false or forged, and there was evidence that respondent's name did not appear on the roll of New Jersey attorneys, having been admitted in New York on such certificate without examination, he was guilty of fraud and deceit in such proceedings, warranting his disbarment.

Application by the Bar Association of the City of New York to disbar Henry W. Leonard, an attorney. Application granted.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

John Vernon Bouvier, Jr., for petitioner
Allen Caruthers, for respondent.

PER CURIAM. Upon the petition of the Association of the Bar of the City of New York the respondent was charged with "fraud, deceit, malpractice, and gross unprofessional conduct" in the matter of his application for admission to practice as an attorney and counselor at law. It is alleged that on the 15th of September, 1881, the respondent applied to the General Term of the Supreme Court in the Second Department for admission to practice as an attorney and counselor at law, and submitted to the court certain certificates of character and also a paper purporting to be a certificate of the clerk of the Supreme Court of the state of New Jersey to the effect that the said respondent was at the time of the issuing of said certificate an attorney and counselor at law duly admitted to practice in the courts of the state of New Jersey; that acting upon such application the respondent was admitted to practice, and has since practiced, as an attorney and counselor at law; that this certificate was false and untrue, and that the said respondent was not at the time, and never had been, admitted to practice in the state of New Jersey.

The respondent submitted an answer admitting that he was admitted to practice as an attorney and counselor at law as specified in the petition, "but denies that he has any knowledge or information to form a belief as to the truth of the statement as to any fraud or deceit prac-

ticed whereby and by which this respondent was admitted to practice."
He then alleges that he had been a law student since 1872, and for
about three years preceding his admission was connected with one
Abram A. Marks as a student at law and managing clerk; that he
remembers that he was requested to be in court at a General Term
of the Second Department on the day of his admission, but, being
delayed on the way to court, he was immediately taken to the clerk
of the court by Marks, and thereupon respondent was duly sworn and
signed the roll as an attorney in open court. He then sets up the
statute of limitations, and that the order admitting him to practice
was a judgment by which the respondent became vested with a con-
stitutional and vested right to practice law, of which he could not
be deprived by any subsequent act of the Legislature.

It will be noticed that this answer does not deny any of the facts
alleged in the petition as the basis for his disbarment. The matter
was referred to a referee, who has reported the evidence taken be-
fore him. There was produced from the files of the Supreme Court
in the Second Department a paper which contains two letters as to
the respondent's character and what purports to be a certificate of
the clerk of the Supreme Court of the state of New Jersey which
certified that "H. W. Leonard, Esq., is an attorney and counselor
duly admitted to practice in all the courts of this state and that he is
in good standing," etc., and which purports to be signed by Benj. F.
Lee. Annexed to this paper is a seal, but whether it is the seal of
the Supreme Court of the state of New Jersey, or any other Su-
preme Court, does not appear. An inspection of this seal quite con-
clusively shows that it is placed over another seal of a different
color. It is so cracked as to present the appearance of having been
detached from some other instrument and pasted upon this instrument.
The impression of the seal was on it before it was annexed to the
instrument, as there is no impression through the paper upon which
the certificate is issued. It has all the appearance of having been re-
moved from some other instrument and pasted upon this alleged cer-
tificate. On the back of this instrument are written the words: "Ad-
mit. J. O. Dykman, J. S. G. Septr. 15th, 1881. Chas. B. Elliott,
Clk." In pencil: "Sworn in Sept. 15/81," and marked "Filed
Sept. 15, 1881." There was then produced by the petitioner the
minute book of the General Term, from which it appears that:

"On reading and filing the affidavits and certificates required by law,
showing, among other things, that the applicant, Henry W. Leonard, has been
duly admitted to practice as an attorney and counselor at law in all the
courts of the state of New Jersey, it is ordered that the said applicant be
and is hereby admitted to practice as an attorney and counselor at law in
all the courts of this state. on taking the constitutional oath of office and
signing the roll."

It thus appears that the application of the respondent to be admitted
to practice was based upon a certificate that he presented to the court
that he had been duly admitted to practice as an attorney and coun-
selor at law in all the courts of the state of New Jersey. There was
then produced a certificate under the seal of the Supreme Court of
the state of New Jersey, as follows:

"I, William Riker, Jr., clerk of the Supreme Court of the state of New Jersey, do hereby certify that I have examined both attorneys' and counselors' roll filed in this office, and do not find there the name of Henry or H. W. Leonard."

This certificate was dated the 3d day of March, 1906. An attorney and counselor at law of this state testified before the referee that he had made an examination of the register of attorneys in the state of New Jersey and kept at the city of Trenton on July 10, 1907, at the State House in Trenton; that this register was designated as the official and original roll of attorneys of the state of New Jersey, and dated back to the year 1790; that this roll was taken out of the vault in the State House in Trenton to allow the witness to examine it; that he examined the whole roll from 1790 to January 15, 1903, and that there was no person by the name of Henry W. Leonard upon that roll, or who had ever been admitted to practice in the state of New Jersey; that he also examined the roll of attorneys of the state of New York in the office of the clerk of the Court of Appeals, and that there was but one Henry W. Leonard upon that roll who had been admitted to practice in Brooklyn by the General Term of the Supreme Court on September 15, 1881. Upon this testimony the petitioner rested. The respondent did not offer himself as a witness and was not examined.

The respondent, before the referee, claimed that this instrument purporting to be a certificate of the Supreme Court of New Jersey was conclusive, and that this court had no power to inquire into it, under the full faith and credit clause of the Constitution of the United States; that the evidence was not sufficient to justify a finding that he was not admitted to practice in New Jersey and that he was guilty of fraud or deceit in procuring his admission—with some suggestion as to the statute of limitations and as to the unconstitutionality of section 67 of the Code of Civil Procedure so far as it affects persons who have been admitted to practice prior to its enactment.

By section 67 of the Code of Civil Procedure, as enacted in 1877, it is provided that an attorney and counselor who is guilty of any deceit, malpractice, crime, or misdemeanor may be suspended from practice or removed from office by the Supreme Court at the General Term thereof. By chapter 99, p. 116, of the Laws of 1891 this section of the Code is amended so as to provide that:

"An attorney and counselor who is guilty of any deceit, malpractice, crime or misdemeanor, or who is guilty of any fraud or deceit in proceedings by which he was admitted to practice as an attorney and counselor of the courts of record of this state may be suspended from practice or removed from office by the Supreme Court at a General Term thereof."

And with the exception of an amendment in 1895, which substituted the Appellate Division for the General Term, this provision is substantially the same as that now in force. There is in this provision no limitation as to the power of the court to remove the person admitted to practice for fraud committed in the proceedings by which he was admitted. Of course, there is no statute of limitations as affecting such a proceeding, and no person has a constitutional right to hold an office which is obtained by fraud practiced upon the court that

appointed him or the appointment to which be obtained by a forged certificate. The amendment of 1891 to section 67 of the Code of Civil Procedure conferred power upon the court to remove from office an attorney and counselor at law who had been guilty of any fraud or deceit in the proceedings by which he was admitted to practice as an attorney and counselor at law. It was certainly within the power of the Legislature to say that no one should remain a member of the profession who had obtained his admission by fraud or deceit practiced upon the court that admitted him.

In this case the record shows that this respondent was admitted to practice without an examination or other investigation as to his professional attainments or his character, based upon what purported to be a certificate that he was a member of the bar of the state of New Jersey. If this certificate, assuming it to be genuine, was sufficient to satisfy the court that the respondent was a member of the bar of New Jersey, the certificate introduced by the petitioner was certainly sufficient to show that the respondent was not, and never had been, a member of the bar of that state; and there was additional proof that the original records in the state of New Jersey had been examined by a witness who testified before the referee, and that such examination disclosed the fact that the respondent had never been admitted to practice in the Supreme Court of the state of New Jersey. From this evidence it was established that he was not a member of the bar of that state on the 15th of September, 1881; and, considering the appearance of this alleged certificate upon which the application of the respondent to be admitted to practice was based, a prima facie case was certainly made which called upon the respondent to show that he was at that time actually a member of the bar of the state of New Jersey, or at least some fact to establish that this alleged certificate upon which he was admitted was a genuine instrument. But nowhere in his answer, nor on any proceeding before us, does the respondent state that he was a member of the bar of New Jersey, and we are satisfied that his admission to practice without an examination was based upon a false statement to the court, and that the paper presented to the court to prove that fact was either a forgery or certified to the existence of a fact which was not true. Certainly the respondent was then called upon to meet that accusation, and his failure to offer the slightest evidence to show that this pretended certificate upon which he was admitted was genuine, that the seal on it was the seal of the Supreme Court of New Jersey, or that it had ever been placed upon this instrument, or that he ever was as a fact a member of the bar of the state of New Jersey, requires the court to hold that he was guilty of fraud and deceit in the proceedings by which he was admitted to practice.

The referee in his report stated that he did not feel justified in recommending the respondent's suspension or expulsion from the bar, but feels bound to report that in his opinion nothing blameworthy has been shown. This court cannot concur in either this opinion of the referee or in his recommendation, but it finds upon this testimony that the respondent was guilty of fraud and deceit, and that he should

be removed from his office as an attorney and counselor at law. Having examined this question upon the merits, it is only proper to add that the respondent did not appear before the court when the matter was brought up for final hearing, and did not to this court, as he did not before the referee, make any claim that this so-called certificate was a genuine certificate, or that he had ever been a member of the bar of the state of New Jersey.

It follows that the application must be granted, and the respondent disbarred.