### LATREILLE v. STATE BOARD OF CHIROPRACTIC EXAMINERS.

1. Physicians and Surgeons—Chiropractors—License—Fraud—Basic Science Examination.

Finding of trial court that plaintiff's license to practice as a chiropractor had been obtained by fraud *held*, fully justified by record showing false statement in application which then exempted him from taking basic science examination (CL 1948, § 338.1 *et seq.*)

2. Same—Chiropractor—Suspension of License—Fraud—Time Limitation.

The State board of chiropractic examiners acted within a specific statutory grant of power in suspending plaintiff's license as a chiropractor, where it suspended his license because it had been procured by amply proven fraud some 7 years before complaint, and pertinent statute does not contain a time limitation for suspension for such cause (CL 1948, § 338.157).

---

References for Points in Headnotes

[1, 8, 9] 41 Am Jur, Physicians and Surgeons § 48.
Fraud or misconduct connected with application for license as ground for revocation of license. 165 ALR 1141.
[2, 6, 7] 41 Am Jur, Physicians and Surgeons § 58.
[3] 33 Am Jur, Licenses §§ 21, 65.
[5] 33 Am Jur, Licenses § 65.
[10] 41 Am Jur, Physicians and Surgeons § 59.

3. LICENSES—PROFESSIONS—VESTED INTEREST.

Generally, a State license to practice a profession creates no vested interest, and the right which the license grants may be withdrawn for proper cause by the authority which granted it.

4. SAME—FRAUD—REVOCATION—SUSPENSION.

Material fraud in application for a State license is a proper cause for revocation or suspension.

5. SAME—SUSPENSION—STATUTES—POLICE POWERS.

The suspension of a professional license until statutory qualifications are met may not be considered as punishment, since it is rather an exercise of the State's discretion as to whether the person is properly qualified to continue holding the license, an exercise of the State's police powers.

6. LIMITATION OF ACTIONS—SUSPENSION OF LICENSES—CHIROPRACTORS.

A complaint to and ensuing hearing by the State board of chiropractic examiners as to the suspension of a license issued by the board is not a cause of action in any of the courts of this State to which the general statute of limitations is applicable (CL 1948, § 338.157; CLS 1956, § 609.13).

7. PHYSICIANS AND SURGEONS—CHIROPRACTIC EXAMINERS—LIMITATION OF ACTIONS.

The continuing responsibility of the State board of chiropractic examiners to see to it that only qualified persons practice prevents the application of the general statute of limitations to proceedings to suspend a license issued by the board (CL 1948, § 338.157; CLS 1956, § 609.13).

8. LICENSES—SUSPENSION—CHIROPRACTORS—FRAUD.

Person who obtained, by fraud, a license to practice as chiropractor never had a legal right so to practice and order suspending his license to do so until he had complied with statutory conditions presently applicable to him deprived him of nothing to which he was entitled (CL 1948, § 338.1 *et seq.*; § 338.157).

9. PHYSICIANS AND SURGEONS—CHIROPRACTORS—SUSPENSION OF LICENSE—BASIC SCIENCE EXAMINATION—FRAUD—RECIPROCITY.

A license to practice as a chiropractor, granted upon reciprocity in such matters with Kentucky was properly suspended for noncompliance with basic science act, where fraud involved a forged matriculation certificate indicating alternative to basic science examination was applicable (CL 1948, § 338.1 *et seq.*; § 338.157).

10. SAME—SUSPENSION OF LICENSE—SUFFICIENCY OF NOTICE.
    Complaint and notice to plaintiff as to proceeding to suspend
      his license to practice as chiropractor until he had passed
      basic science examination *held*, to have been signed by proper
      parties and to have been sufficiently informative to meet
      requirements of the statute relative to suspending his license
      and to apprise him of the nature of the charge against him
      (CL 1948, § 338.1 *et seq.;* § 338.157).

Appeal from Genesee; Gadola (Paul V.), J. Submitted April 9, 1959. (Docket No. 27, Calendar No. 47,799.) Decided October 13, 1959.

Appeal by James W. Latreille to review order of Michigan State Board of Chiropractic Examiners suspending his license to practice. Judgment affirming suspension. Plaintiff appeals. Affirmed.

*Harold Helper,* for plaintiff.

*Paul L. Adams,* Attorney General, *Samuel J. Torina,* Solicitor General, and *Gregory H. Frederick,* Assistant Attorney General, for defendant.

EDWARDS, J. This is an appeal from a judgment entered in the circuit court of Genesee county affirming an order of the State board of chiropractic examiners suspending the license of appellant James W. Latreille "until such time as he complies with the Michigan basic science act, PA 1937, No 59, as amended."

The action of the State board was taken after a hearing upon charges that appellant's license to practice chiropractic in Michigan was obtained through fraud and deceit. Appellant appealed to the circuit court. The circuit judge, after hearing the evidence on the fact question involved, found that appellant's license was procured by fraud.

The significant questions posed on appeal are:

(1) Do the proofs show fraud in the obtaining of the license in question?

(2) Was the suspension barred by the fact that the complaint was filed more than 7 years after issuance of the license?

The application for the license, which appellant signed under oath, set forth dates of birth and graduation from high school which appellant admits were false. Attached to the filed application and admitted in evidence was a photostatic copy of a certificate of matriculation in the Ross College of Chiropractic. The date of matriculation thereon stated is September 16, 1936. It is not disputed that on that date James W. Latreille was 13 years of age, and that in fact he never attended Ross College. The significance of this certificate is indicated by comparison with another exhibit—a handwritten Ross College matriculation certificate identical with the photostat except for showing the name of James *H.* Latreille (the appellant's father, from whose file in the State board of chiropractic examiners' office the exhibit was taken) and except for showing the date of matriculation as September 16, *1931.*

The most casual examination of the photostatic copy shows that it had been altered by writing a "W" over the "H" of the middle initial in the certificate, and the figure "6" over the last figure in the date September 16, 1931.

At the time of appellant's application a State law, CL 1948, § 338.1 *et seq.* (Stat Ann 1951 Cum Supp § 14.791[1] *et seq.*), required any person practicing healing in Michigan to take a basic science examination. The statute exempted any person matriculated in any chiropractic school or college on or before October 15, 1937. The false dates and the false certificate of matriculation served to qualify appellant for this exemption.

The burden of appellant's argument is not really a denial that fraud was committed. It is that appellant did not personally commit the fraud and hence should not be penalized for it. His claim is that the application which he signed was filled out by a Dr. Charles Tennant, former secretary of the State board (now dead), and that appellant did not read it. He also claims that the Ross College matriculation photostat was procured by Dr. Tennant, and that he (appellant) didn't know how it got into the State board file attached to the application. But, on cross-examination, appellant clearly indicated that he knew, at the time of his application, of the procurement and filing of the Ross College matriculation certificate and that the purpose was to exempt him from the requirement of taking the basic science examination.

The circuit judge was fully justified in finding that "his [appellant's] license was obtained by a fraud."

Nor do we believe that the 7-year lapse between issuance of the license and the complaint barred the suspension entered by the State board.

The board acted within a specific statutory grant of power.

"The board shall have power to refuse, or to suspend for a limited period, the license of any chiropractor for any of the following causes:     *     *     *

"(c) For fraud or deceit in procuring admission to practice." CL 1948, § 338.157 (Stat Ann 1956 Rev § 14.597).

No limitation in time is stated as to the board's right to refuse or suspend under subsection (c).

Generally, a State license to practice a profession creates no vested interest, and the right which the license grants may be withdrawn for proper cause by the authority which granted it: *Schireson* v.

*Shafer,* 354 Pa 458 (47 A2d 665), 165 ALR 1133);
*State* v. *Schaeffer,* 129 Wis 459 (109 NW 522).

Material fraud in application for a State license
is a proper cause for revocation or suspension.
*Andrews* v. *Auer,* 177 Mich 244; *Mower* v. *State Department of Health,* 108 Conn 74 (142 A 473), appeal dismissed 278 US 570 (49 S Ct 82, 73 L ed 511).

See, also, *In re Price,* 226 App Div 460 (235 NYS
601); *In re Leonard,* 127 App Div 493 (111 NYS
905), affirmed 193 NY 655 (87 NE 1121); Annotation 165 ALR 1138, Public license as revocable for
fraud or other misconduct before, or at the time of,
its issuance.

· The suspension of a professional license until
statutory qualifications are met may not be considered as punishment. Rather it is an exercise of
the State's discretion as to whether the person is
properly qualified to continue holding the license.
*Hawker* v. *New York,* 170 US 189 (18 S Ct 573, 42 L
ed 1002); *Klafter* v. *State Board of Examiners of Architects,* 259 Ill 15 (102 NE 193, 46 LRA NS 532, Ann
Cas 1914B, 1221). Our Court has held such actions to
be founded upon the State's police powers. *Kennedy*
v. *State Board of Registration in Medicine,* 145 Mich
241 (9 Ann Cas 125); *Hanson* v. *State Board of
Registration in Medicine,* 253 Mich 601; *Applegate*
v. *State Board of Dentistry,* 336 Mich 42.

We do not believe that the general statute of
limitations is applicable to the present proceedings.
The complaint and hearing before the State board
was not a "cause of action" commenced "in any of
the courts of this State." *Cf.* CLS 1956, § 609.13
(Stat Ann 1957 Cum Supp § 27.605).

The State board has a continuing responsibility
to protect the public by seeing to it that only qualified persons practice. This argues strongly against
application by analogy of the general statute of

limitation to this case as suggested by appellant. See *In re Leonard, supra*; *State* v. *Schaeffer, supra*.

The order of the State board is specifically related to appellant's present qualifications. We deal here not with a revocation, but with suspension until the appellant takes the basic science examination. Obviously, on these facts, he never had a legal right to practice until he had taken it, and the order deprives him of nothing to which he was ever entitled.

We have examined carefully appellant's other questions. The exhibits show that the grant of appellant's license was based, not upon the reciprocity, but upon the fraudulent Ross College matriculation certificate. In addition, in 1947, the language of the basic science statute (CL 1948, § 338.1 *et seq.* [Stat Ann 1951 Cum Supp § 14.791(1) *et seq.*]) showed that a license issued by reciprocity had to be based upon meeting all 4 conditions then set forth in section 5. This file contains no evidence that the requirements of the State of Kentucky at the time in question were "not less than those required by this act," or that appellant had secured the basic science eligibility certificate required by section 6.

We believe also that, on the facts in this case, the complaint and notice to appellant were sufficiently informative to meet the requirements of the statute and to apprise appellant of the nature of the charge. *In re Van Hyning*, 257 Mich 146. The individuals who signed the complaint were proper parties to initiate it.

Affirmed.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, and VOELKER, JJ., concurred.

KAVANAGH, J., did not sit.