*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

CITY OF GRAND RAPIDS,

UNPUBLISHED
February 12, 2026
11:08 AM

Plaintiff-Appellant,

v

No. 370833
Court of Claims
LC No. 23-000083-MZ

DEPARTMENT OF CIVIL RIGHTS,

Defendant-Appellee.

Before: GADOLA, C.J., and CAMERON and RICK, JJ.

PER CURIAM.

Plaintiff appeals as of right an order of the Court of Claims granting summary disposition in favor of defendant under MCR 2.116(C)(4) and MCR 2.116(C)(8). We reverse in part and affirm in part.

## I. FACTS AND PROCEDURAL HISTORY

This case arises out of multiple ongoing administrative proceedings against plaintiff under the Elliot-Larsen Civil Rights Act (ELCRA), MCL 37.2101 *et seq.* Plaintiff's police department has been the subject of multiple civil-rights complaints filed with defendant, the Michigan Department of Civil Rights (MDCR). MDCR proceedings involve an "investigation" phase followed by a "charge" phase. The MDCR investigates and decides whether a charge of discrimination should be issued on behalf of the aggrieved party after a civil-rights complaint is filed. Mich Admin Code, R 37.6(1). If the MDCR issues a charge, the charge is heard by an Administrative Law Judge (ALJ) who makes a recommendation to the Michigan Civil Rights Commission, and the Commission issues a final decision. Mich Admin Code, R 37.12, 37.16. The final decision is appealable to the Circuit Court. Mich Admin Code, R 37.18.

Relevant to this case, there were 13 complaints filed with the MDCR against plaintiff. The MDCR filed charges in response to three of the complaints, and plaintiff unsuccessfully sought dismissal of those charges before the ALJ on statute-of-limitations grounds. Plaintiff argued the three-year statute of limitations in the Revised Judicature Act (RJA), MCL 600.101 *et seq.*, MCL 600.5805(2), applied to administrative proceedings under ELCRA. Plaintiff applied for interlocutory relief in the circuit court, which was denied, and ultimately those three proceedings

-1-

were dismissed for unrelated reasons. In one of the other investigations, plaintiff refused to comply with the MDCR's discovery order because plaintiff argued the proceeding was time-barred.

Plaintiff then commenced this action for declaratory and injunctive relief in the Court of Claims, seeking (1) a declaratory judgment that the statute of limitations found at MCL 600.5805(2) applies to issuing charges in administrative ELCRA proceedings, and (2) injunctive relief from further proceedings in the claims that plaintiff argued were barred by the statute of limitations. After plaintiff filed its complaint in the Court of Claims, defendant filed a separate complaint in circuit court requesting that plaintiff show cause for not responding to the discovery order. The circuit court stayed the show-cause proceeding pending resolution of the Court of Claims case and this appeal.

Defendant then moved to dismiss the case in the Court of Claims under MCR 2.116(C)(4) for lack of subject-matter jurisdiction, and under MCR 2.116(C)(8) for failure to state a claim. The Court of Claims found it lacked subject-matter jurisdiction because, under MCL 600.6419(5), the circuit court has exclusive jurisdiction over appeals from administrative agencies. The Court also found that the three-year statute of limitations in the Revised Judicature Act was inapplicable to administrative proceedings. Thus, the Court granted defendant's motion to dismiss under both MCR 2.116(C)(4) and (C)(8). Plaintiff now appeals.

## II. ANALYSIS

### A. SUBJECT-MATTER JURISDICTION

Plaintiff first argues that the Court of Claims improperly granted summary disposition for defendant under MCR 2.116(C)(4) because the Court of Claims has exclusive subject-matter jurisdiction over plaintiff's action for declaratory relief against defendant, and plaintiff was not required to exhaust its administrative remedies. We agree.

We review jurisdictional questions under MCR 2.116(C)(4) de novo. *Travelers Ins Co v Detroit Edison Co*, 465 Mich 185, 205; 631 NW2d 733 (2001). The Court of Claims has exclusive jurisdiction over "any claim or demand for monetary, equitable, or declaratory relief . . . against the state or any of its departments or officers notwithstanding another law that confers jurisdiction of the case in the circuit court" *Boler v Governor*, 324 Mich App 614, 620; 923 NW2d 287 (2018), quoting MCL 600.6419(1)(a). The statute goes on to clarify that, "This chapter does not deprive the circuit court of exclusive jurisdiction over appeals from the district court and administrative agencies as authorized by law." MCL 600.6419(5).

Although plaintiff sought an interlocutory appeal of the ALJ's rulings that the statute of limitations did not apply in the three charged cases, leave to appeal was denied by the circuit court, and those cases were voluntarily dismissed by defendant on other grounds before reaching final judgment. And the circuit court stayed the show-cause action without ruling on the statute-of-limitations issue. Because plaintiff does not challenge any final judgment or ruling, we cannot characterize plaintiff's claim as an appeal. Plaintiff's claim is an action for declaratory judgment and injunctive relief from an administrative agency of this State, a claim which is ordinarily within the Court of Claims' exclusive jurisdiction. MCL 600.6419(1)(a).

-2-

Summary disposition for lack of jurisdiction under MCR 2.116(C)(4) is also proper when a plaintiff has failed to exhaust its administrative remedies. *Papas v Michigan Gaming Control Bd*, 257 Mich App 647, 656; 669 NW2d 326 (2003). But a party may be excused from exhausting administrative remedies where review of the agency's final decision would provide an "inadequate remedy," or where the "very harm that plaintiff seeks to avoid would inevitably occur if plaintiff were required to exhaust administrative remedies before access to judicial review." *Huggett v Department of Natural Resources*, 232 Mich App 188, 191-192; 590 NW2d 747 (1998) (citation omitted). Further, in circumstances where an issue is "clearly framed" as an issue of law "that [does] not call for extensive findings of fact or technical expertise," bypassing administrative proceedings may be justified because exhausting administrative remedies would be "nothing more than a formal step on the way to the courthouse." *Id*. at 192-193 (quotation marks and citation omitted).

Here, the administrative proceedings against plaintiff are not complete, and plaintiff has not exhausted its administrative remedies. However, the expense and inconvenience of continuing administrative proceedings that plaintiff argues are time-barred is the exact harm plaintiff seeks to avoid. Plaintiff's claim is based solely on an issue of statutory interpretation. Neither fact-finding, administrative expertise, nor further administrative proceedings are required to rule on this issue. Thus, we hold that plaintiff was excused from exhausting administrative remedies and summary disposition was improper under MCR 2.116(C)(4).

## B. FAILURE TO STATE CLAIM

Plaintiff next argues that summary disposition was improper under MCR 2.116(C)(8) because the phrase "all actions to recover damages" found in the three-year statute of limitations applicable to ELCRA claims refers to actions in a court *and* administrative proceedings, and therefore applies to the MDCR issuing charges in administrative proceedings. We disagree.

A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of a claim. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159-160; 934 NW2d 665 (2019) When considering a motion under MCR 2.116(C)(8), the court "must accept all factual allegations as true, deciding the motion on the pleadings alone[,]" and it "may only be granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery." *Id*. at 160 (citations omitted).

In this case, plaintiff's claim concerns the language in MCL 600.5805. "When interpreting a statute, we must ascertain the Legislature's intent," which is accomplished "by giving the words selected by the Legislature their plain and ordinary meanings, and by enforcing the statute as written." *Griffin v Griffin*, 323 Mich App 110, 120; 916 NW2d 292 (2018) (quotation marks and citation omitted). "Every word or phrase of a statute is given its plain and ordinary meaning unless it is defined in the statute or has a technical meaning. Dictionary definitions may be used to determine the ordinary meaning of undefined terms." *San Marino Iron, Inc v Haji*, 341 Mich App 634, 639; 991 NW2d 828 (2022).

MCL 600.5805(2) states that "the period of limitations is 3 years after the time of the death or injury for all actions to recover damages for the death of a person or for injury to a person or property." The statute was enacted as part of the Revised Judicature Act, the title to which explains

that the purpose of the RJA was to "revise and consolidate the statutes relating to the organization and jurisdiction of *the courts* of this state" and "the time within which civil actions and proceedings may be brought *in said courts*." *Boulton v Fenton Twp*, 272 Mich App 456, 464; 726 NW2d 733 (2006), quoting 1961 PA 236, title (emphasis added). This indicates that the legislature intended for the RJA to only be applicable to judicial proceedings in a court. The Legislature's use of the word "action" in the statute supports this interpretation. Dictionary definitions of "action" include "the initiating of a proceeding *in a court of justice* by which one demands or enforces one's right," *Merriam-Webster's Collegiate Dictionary* (11th ed) (emphasis added), and "a civil or criminal *judicial* proceeding," *Black's Law Dictionary*, (12th ed) (emphasis added). Thus, by its plain meaning, the word "action" refers to actions in a court before a judge. Administrative proceedings are nonjudicial and are not conducted before a court, so they are outside the scope of that definition.

Caselaw also supports this interpretation. When used "in a statute to refer to a legal process or procedure," the word action typically "refers to a lawsuit commenced in a court." *Dine Brands Global, Inc v Eubanks*, ___ Mich ___, ___; ___ NW3d ___ (2025) (Docket No. 165391, No. 165392); slip op at 9. See also *Latreille v Michigan State Bd of Chiropractic Examiners*, 357 Mich 440, 445; 98 NW2d 611 (1959) (complaint and hearing before an administrative agency "was not a cause of action commenced in any of the courts of this state" and statute of limitations did not apply). Given the Legislature's stated purpose for enacting the RJA and the plain meaning of "action," the Legislature did not intend for the RJA to apply to administrative proceedings.

Thus, summary disposition was proper under MCR 2.116(C)(8) because plaintiff failed to state a claim for which relief could be granted. Plaintiff sought declaratory judgment that the three-year statute of limitations applies to administrative ELCRA proceedings conducted by the MDCR and also sought injunctive relief preventing further proceedings in time-barred complaints. However, as discussed, the statute of limitations in question does not apply to administrative ELCRA proceedings. Thus, even assuming the factual allegations in plaintiff's complaint were true, the relief plaintiff seeks cannot be granted as a matter of law and dismissal was proper under MCR 2.116(C)(8).

Plaintiff also argues that applying the statute to administrative actions is necessary to avoid the "absurd results" of the MDCR being able to indefinitely bring charges, and a claimant being able to avoid the statute of limitations in court and yet obtain the exact same remedies by choosing the administrative forum. "Statutes should be construed so as to prevent absurd results, injustice, or prejudice to the public interest." *McAuley v Gen Motors Corp*, 457 Mich 513, 518; 578 NW2d 282 (1998). However, "a result is only absurd if it is quite impossible that the Legislature could have intended the result." *Johnson v Recca*, 492 Mich 169, 193; 821 NW2d 520 (2012) (quotation marks, and citation omitted).

The only time limitation found in the administrative rules governing the MDCR is that an individual must file a complaint within 180 days of the alleged discrimination. Mich Admin Code, R 37.4(6). The filing of a complaint commences an MDCR proceeding, not the MDCR's decision to issue a charge of discrimination. Mich Admin Code, R 37.4(1). The respondent is given notice of the administrative proceeding against them when the complaint is filed. Mich Admin Code, R 37.4(9). Thus, there is a limitations period applicable to administrative ELCRA claims, but it only applies to bringing a complaint, not bringing a charge. Indeed, the 180-day limitations period for bringing a discrimination complaint that the administrative rules establish is far more restrictive

than the 3-year limitations period for filing an action in a court of law. Neither the MDCR nor the Legislature has imposed a deadline by which the investigation of a complaint must proceed to the charging phase. If plaintiff believes this to be an absurd result, which this Court does not, the proper forum to bring this concern would be the MDCR itself or the Legislature. This Court will not impose a statute of limitations where one is not applicable.

## III. CONCLUSION

We find the Court of Claims had subject-matter jurisdiction over this matter. Thus, we reverse the order of the Court of Claims granting defendant summary disposition under MCR 2.116(C)(4). The Court of Claims was correct, however, in finding plaintiff failed to state a claim on which relief could be granted. We affirm the order granting defendant summary disposition under MCR 2.116(C)(8).

/s/ Michael F. Gadola
/s/ Thomas C. Cameron
/s/ Michelle M. Rick