In re KRISTELLER.

(Supreme Court, Appellate Division, First Department.   January 3, 1913.)

ATTORNEY AND CLIENT (§ 40*)—ADMISSION—PRIOR CONVICTION OF A FELONY —DISBARMENT.

Where an attorney, on applying for admission to practice, intentionally concealed the fact that he had previously been convicted of a felony, he will be disbarred.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 58; Dec. Dig. § 40.*]

Proceedings by the Bar Association of the City of New York to disbar Frederick W. Kristeller, an attorney.   Application granted.

See, also, 136 N. Y. Supp. 1139.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Minar Chrystie, of New York City, for petitioner.
Henry F. Cochrane, of Brooklyn, for respondent.

INGRAHAM, P. J.   The respondent was admitted to practice upon the certificate of the State Board of Law Examiners by the Appellate Division of this Department in June, 1908.   He produced the affidavits of two attorneys that he was of good moral character and answered the usual questions as to his record, in which there was no statement of any criminal charge against him, yet prior to his admission the respondent had had quite a unique criminal career.

It seems he commenced his study of the law in the office of an attorney whose name he could not remember and the date of which is not given.   He had been employed, however, for two or three years with a concern known as Smith Bros., and subsequently with a person by the name of Arthur T. Lumley.   He had also some connection with a man named Schmitt, and during that employment he was charged by Schmitt with embezzlement.   He signed a writing which confessed that he had embezzled some funds from Schmitt, but after signing that instrument the proceedings against him seem to have been dropped.   He then entered the employ of the government, and while there was indicted in the United States District Court in Brooklyn on the charge of embezzlement.   Under that indictment he was examined as a witness and was acquitted.   He was subsequently indicted for perjury committed on the trial of the indictment against him, and upon that indictment he was convicted and sentenced to the Elmira Reformatory in 1903.   He served there for 2 years and 8 months, the period for which he was sentenced, and was then discharged. After his discharge he removed to this department from Brooklyn, where he had before lived, and where he had these various criminal charges made against him and was well known, and was here admitted to practice.   He admits that he intentionally suppressed, on his application for admission to practice, all information as to his criminal activities, including his conviction and imprisonment for the crime of perjury.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

This proceeding was referred to the official referee, who has found these facts, and in fact they were all admitted by the respondent, when examined as a witness before the referee; but the respondent claimed before the referee that since his admission to the bar he had maintained a good character, and produced some evidence to that effect. If the respondent had been admitted to practice before he had been convicted, his conviction would of itself have disbarred him; and if the court had had knowledge of the fact that he had been convicted of a felony before his admission, it certainly would not have admitted him.  ·

The fact of such conviction was intentionally concealed from the court when the respondent made his application for admission to practice, and the fact of his prior conviction of a felony, which was concealed from the court upon his admission, requires his disbarment; and it is so ordered. All concur.