In the Matter of HENRY C. PRICE, an Attorney and Counselor at Law.

THE BAR ASSOCIATION OF ERIE COUNTY, Petitioner; HENRY C. PRICE, Respondent.

Fourth Department, June 27, 1929.

*Dana B. Hellings,* for the petitioner.

*Donald Bane,* for the respondent.

PER CURIAM. Sometime ago the Bar Association of Erie County filed charges against the respondent, an attorney and counselor at law, accusing him of suppressing and withholding pertinent and relevant information concerning his right to practice in this State, and of fraud and misrepresentation in connection with his application for admission to the bar of this Commonwealth. The issues framed by the petition and answer were referred to a referee, who has made his report, in which he finds in favor of the respondent, and in which he recommends that the proceedings be dismissed.

The matter is now before this court on a motion by respondent to confirm the referee's report, and on a counter-motion by the petitioner asking us to determine upon the entire record that the charges have been sustained, and to inflict such punishment upon the respondent as the facts warrant.

Mr. Price was admitted to the bar of this State on January 13, 1913, on motion, pursuant to that provision of the rules of the Court of Appeals which permits the Appellate Division, in its discretion, to admit an attorney, who has practiced as a member of the bar of the highest court of another State for five years, without examination. Since that time he has practiced his profession in Buffalo.

The alleged fraudulent and misleading statement made by respondent in his petition for leave to practice in this State reads as follows: " That on the 6th day of October, 1908, deponent was duly admitted to practice law in the courts of the State of Indiana by the Supreme Court of said State, which is the highest appellate court of said State, and since his admission to practice law he has continuously practiced his profession in the city of Gary, State of Indiana, for a period of five (5) years and over, from the 6th day of October, 1908, until his removal from said State, on the 30th

day of April, 1915. * * * That deponent is a member of the Bar of the State of Indiana, and in good standing, and has not been suspended or disbarred therefrom.''

Respondent was actually admitted to practice in the Supreme Court of Indiana on October 6, 1908, and that right has never been revoked. He actually did practice his profession in Gary, Ind., for five years or more prior to his removal to Buffalo. The statement above quoted was technically correct, with the exception of the fact that Mr. Price did not commence to practice his profession in Gary for at least a year after the date of his admission to the Supreme Court.

Petitioner insists that the declaration of Mr. Price, while technically true, was nevertheless deceiving and misleading, and that it failed to give material and important information concerning respondent's admission to the bar of Indiana, and of subsequent proceedings instituted in that State looking toward his disbarment; it is alleged that this court was lead astray, when it licensed Mr. Price to practice, under a misconception of the facts pertaining to respondent's legal career in Indiana.

The facts are largely undisputed. Where they are denied by respondent, we have no hesitancy in finding that the petitioner's version is correct.

Prior to 1908 Mr. Price resided in this State, and had been a clerk in various law offices in New York city. In 1908 he moved to Indianapolis. On September tenth of that year he was admitted by the Circuit Court of Marion county, in which county Indianapolis is situated, to the bar of that county. On October sixth following he was licensed to practice in the Supreme Court of Indiana, the highest court of the State. In each instance he was admitted on motion, and was not required to take any examination. Respondent then opened an office in Indianapolis, and practiced his profession there until September, 1909, when charges were preferred against him by the Indianapolis Bar Association. He had been arrested and accused of exacting a fee from a client for the purpose of bribing a witness or a police officer. It should be added that the grand jury to which this charge was presented failed to find an indictment. We conclude, therefore, that Mr. Price was innocent of any crime. The complaint of the Indianapolis Bar Association related not only to the subject of this criminal proceeding, but more especially to the fact that Mr. Price had been guilty of fraud upon the court in relation to his admission to the bar of Marion county, by falsely representing that he was an attorney in good standing in New York State, when such was not a fact.

The Constitution of Indiana provides that any resident voter,

twenty-one years of age or over, and of good moral character, shall be permitted to practice law in that State.

It appears that an attorney is first admitted to practice in the Circuit or Superior Court of some particular county. That being done, he can be admitted to practice in the Supreme Court of the State on motion.

It will be noted that no educational qualifications are prescribed. In view of the constitutional provision, any rules requiring an applicant to be possessed of certain legal attainments, might be seriously questioned. Notwithstanding, a custom had grown up in various counties of the State to require some evidence of ability on the part of an applicant before he was permitted to practice. So far as Marion county is concerned, a committee of three attorneys had been appointed by the court to make recommendations for admissions to the bar of that county. That committee had adopted a rule requiring all applicants to establish suitable qualifications for admission, either by submission of a diploma from a reputable law school, or proof of admission to the bar of another State, or by exhibiting on a written examination qualifications which, in the opinion of the committee, would be substantially equivalent to those which would entitle one to a diploma in a reputable law school.

Respondent had never graduated from a college or law school. He had never been admitted to the bar of any other State. Therefore, if the above rule was enforced, he would have been obliged to take and pass an examination before he could have been admitted to practice in Marion county. As before noted, he was admitted on motion, without examination.

The petitioner asserts, and the evidence warrants such conclusion, that Mr. Price represented, when he applied for permission to practice in the Circuit Court of Marion county, that he was an attorney and counselor at law of this State, and that he presented a certificate of the clerk of our Court of Appeals to that effect, and that it was on the strength of those representations that he was admitted to the bar of Marion county without examination.

The evidence warrants a finding that when respondent lived in New York, prior to his removal to Indianapolis, he had seen on the wall of a law office a certificate that a man named Price, whose initials were the same as respondent's, had been admitted to the bar, and that respondent had obtained from the clerk of the Court of Appeals a certificate to that effect, and had submitted it to the Marion county committee, and posed as that Mr. Price.

The charge of the Indianapolis Bar Association was referred to and investigated by the grievance committee of that body.

The report of that committee, which was filed with the Bar Association, recommended that Mr. Price be disbarred. A special committee was appointed to institute such proceedings. Before any action was actually taken, the chairman of the committee sent for respondent, and advised him to resign, and save the embarrassment of a trial. This Price finally consented to do, and an order was granted striking his name from the roll of attorneys of Marion county, and the disbarment proceedings were dropped. He never relinquished his right, however, to practice in the Supreme Court of the State. Mr. Price then moved to Gary, Ind. He made application there to be permitted to practice in Lake county, in which county Gary is located, and a committee was appointed by the court to investigate his trouble in Indianapolis. In the meantime he was allowed to practice temporarily. The committee finally recommended his admission to the bar of that county, and he was sworn in, and practiced his profession in and about Gary until he moved to Buffalo in 1915, with the exception of several months when he went to Terre Haute, Vigo county, Ind., to try an election case. He was also admitted to the bar of that county. The petition charged that disbarment proceedings were instituted against respondent in the Circuit Court of Vigo county, and that he resigned under fire. Mr. Price admits in his answer that he did resign from the bar of that county, but alleges that he did not know for sometime that any proceedings had been instituted looking toward his disbarment. If that were true, the question would naturally arise, " Why did he resign? "

No complaint is made concerning respondent's conduct in Gary. So far as it appears, he did not leave under a cloud. Certain lawyers and officials in that city testified to his good character and reputation while he resided there.

It is true that at the time of respondent's application for admission to practice in this State he was a member of the bar of Lake county, Ind., and, so far as the record shows, in good standing, and that he was also a member of the bar of the Supreme Court of Indiana. It is also true that he had never been suspended or disbarred. He had, however, resigned from the bars of both Marion and Vigo counties under charges, and thus, without doubt, saved a disbarment in one, if not both cases.

Subdivision 2 of section 88 of the Judiciary Law (as amd. by Laws of 1912, chap. 253, and Laws of 1913, chap. 720) prescribes as follows: " The Supreme Court shall have power and control over attorneys and counsellors-at-law, and the Appellate Division of· the Supreme Court in each department is authorized to censure, suspend from practice or remove from office any attorney and

counsellor-at-law admitted to practice as such who is guilty of professional misconduct, malpractice, fraud, deceit, crime or misdemeanor, or any conduct prejudicial to the administration of justice; and the Appellate Division of the Supreme Court is hereby authorized to revoke such admission for any misrepresentation or suppression of any information in connection with the application for admission to practice."

Fraud practiced by an applicant for admission to the bar, which occasions, even in the slightest degree, his admission, strikes at the very foundation of his license to practice. If it be true, as we think it must be found on this evidence, that respondent represented that he was a member of the bar of New York State, when as a matter of fact he was not, and thereby gained his admission to the bar of Marion county, without a law school diploma, and without passing an examination, his admission to the bar of that county was tainted with fraud and deceit. On the strength of his being a member of the bar of Marion county, he was licensed to practice in the Supreme Court of Indiana. So that, if his admission to the Marion county bar was brought about by a willful deception practiced with a view of gaining an undue advantage, his right to practice in the Indiana Supreme Court was tinged with the same wrong. Respondent could not have been admitted to the bar of this State without an examination, unless he had been a member of the bar of the Supreme Court of Indiana. If his membership in the bar of the latter State was brought about by some trick or artifice, that same fraud and deceit would contaminate his license to practice in the courts of this State. There is such a close relationship between his right to practice at the three bars, that any fraud or deceit which brought about in any way his admission to the bar of Marion county would permeate the whole structure, and the entire house would fall.

In his petition for admission to the bar of this State, respondent failed to mention his residence in Indianapolis, or his year's practice in that city. Neither does he refer to it in his sworn statement to the committee on character and fitness. He asserts that he practiced his profession continuously in Gary after his admission to the bar of the Supreme Court of Indiana. That was not true. One cannot resist the conclusion that respondent's failure to mention his sojourn in Indianapolis was not due to an oversight, but was a deliberate attempt to blot his experiences in Marion county out of the picture, and forestall any investigation in relation thereto. He says that he was never disbarred or suspended. That was technically true, but he failed to mention that he had resigned from the bar of Marion and Vigo counties under fire.

In *Matter of Hughes* (188 App. Div. 520) respondent had been admitted to the bar of Maryland, and subsequently had been disbarred for falsely qualifying as a surety, and for obtaining an order upon false representations; he had also been convicted of the crime of petit larceny in retaining money intrusted to him by a client. Thereafter he applied for and was admitted to the New York bar. He was subsequently disbarred for fraudulently concealing the above facts in his application for admission to practice in this State.

In *Matter of Singer* (156 App. Div. 85) an attorney was disbarred for having obtained his admission upon a false certificate of clerkship.

In *Matter of Kristeller* (154 App. Div. 556) the license of an attorney was revoked because he had concealed the fact that he had been convicted of a felony, and had served his sentence.

In *Matter of Leonard* (127 App. Div. 493; affd., 193 N. Y. 655) it was held that one who had obtained his admission to the bar by fraud and deceit, in submitting a forged certificate that he had been admitted to practice in New Jersey, should not be permitted to remain a member of the profession.

In *Matter of Pritchett* (122 App. Div. 8) respondent had been admitted to the bar of this State upon the theory that he was a practicing attorney of Maryland. His license to practice here was revoked because he suppressed the fact that he had been convicted of a crime and disbarred in Maryland.

In *Matter of Marx* (115 App. Div. 448) an attorney, who procured his admission to practice in this State on papers showing that he had been duly admitted to practice law in Texas, and had practiced in that State for twelve years, but who suppressed the fact that after leaving Texas, and before coming to New York, he had practiced in Virginia for several years under another name, and had been disbarred there for forging a decree of divorce, was held guilty of such fraud and deceit as would warrant the court in revoking his license to practice here.

Respondent must have known that this court, if it had been in posession of all the facts relating to his admission to the Marion county bar, and of the charges filed against him and his resignation under fire, would have hesitated for sometime before according to him the privilege of practicing in this Commonwealth. He should have disclosed the facts frankly and honestly, with such explanation as was available, and let this court decide what should be done under the circumstances.

It is absolutely essential to the usefulness of an attorney that he be fair and open in his relations with the court, and that he so

conducts himself as to command the confidence of the community wherein he resides and practices his profession. If his conduct is such as to render him unworthy of public confidence, he is no longer an aid to the court, nor a safe guide to his clients. Price's studious omission to mention his unfortunate experiences connected with his practice in Indianapolis and Terre Haute, to say nothing of the fraud which he practiced upon the Circuit Court of Marion county to gain his admission to the bar of that county, makes him guilty of fraud and deceit in the very proceeding in which he was licensed to practice in this State. His silence respecting this matter was reprehensible, and tended to deceive this court.

We are not unmindful of the many affidavits filed by judges and prominent lawyers of Buffalo who testify to Mr. Price's good character since he has resided in that city. We do not feel, however, that we can overlook the underhanded and fraudulent manner in which he obtained his right to practice here, and his deliberate attempt to deceive this court. A man guilty of such fraud and deceit has no standing at the bar of this great State, and he should no longer be permitted to practice here.

We are unable to concur with the learned referee in certain findings which he has made and in the conclusion which he has reached. We have, therefore, disapproved and reversed such findings and conclusions, and have made new ones.

An order should be entered setting aside the report of the referee, and disapproving and reversing certain findings of fact and conclusions of law, and making new findings and conclusions, and revoking the order heretofore made admitting respondent to practice in the courts of record of this State, and disbarring him from further practice therein.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and THOMPSON, JJ.

Report of referee set aside, certain findings of fact and conclusions of law disapproved and reversed, and new findings and conclusions made, and order entered disbarring the said Henry C. Price.