## In re Taylor.

February 15, 1949.

A. E. Funk, Attorney General, and Wm. F. Simpson, Assistant Attorney General, for relator.

C. Eubank Tucker for respondent.

JUDGMENT IN ACCORDANCE WITH OPINION—Per Curiam.

By original proceedings in this Court, the Board of Bar Examiners, through the Attorney General, has moved for a rule against Louis C. Taylor, respondent, to show cause why his license to practice law in Kentucky should not be revoked. On November 30, 1938, respondent filed application by motion for admission to practice law in Kentucky, stating that he had been a regularly licensed and practicing attorney in good standing in Illinois from 1927 to 1938; the application appeared to meet all requirements and the Board recommended that he be granted license and we approved the recommendation on April 19, 1939.

Seven years later the Board was advised that respondent had been permanently disbarred by the Supreme Court of Illinois in 1928. Upon receipt of this information this court issued the rule. At the time respondent's license was granted by this Court, KRS 1944, 30.080 provided:

"If any license is procured by fraud, the Court of Appeals may revoke it at any time within two years of the date it was issued."

This subsection was repealed in 1946, but respondent pleads it as a bar. A similar plea was made in Harrison v. Commonwealth ex rel. Kash, 305 Ky. 379, 204 S.W.2d 221, 222, but was rejected by the Court, saying:

"However, since an attorney is an officer of the court, the court has the inherent power to investigate and punish a member of the bar who has been found to

be guilty of unprofessional conduct meriting censure, suspension or disbarment. There can be no limitation on this right and duty of the courts.''

Respondent also pleads in bar KRS 413.120(12), the pertinent part of which reads: ''An action for relief or damages on the ground of fraud or mistake * * * shall be commenced within five years after the cause of action accrued.'' In support of this plea he cites the case of Johnson v. Fetter, 224 Ky. 788, 7 S.W.2d 241, and other cases dealing with adversary proceedings, wherein this Court held that one defrauded cannot institute suit to recover after a period of five years, where his failure to discover alleged fraud within that time was due to his own negligence. Those cases are not applicable. An inquiry into the qualification of an attorney to continue the practice of law is not an adversary proceeding. An attorney may be disbarred for any act which tends to bring the authority of the court and administration of the law into disrespect or disregard, such as dishonesty, personal misconduct, questionable moral character or unprofessional conduct. Lenihan v. Com., 165 Ky. 93, 176 S.W. 948, L.R.A. 1917B, 1132; Louisville Bar Ass'n v. Mazin, 282 Ky. 743, 135 S.W.2d 771. If one fraudulently obtains a license and enters into and continues the practice of law, such conduct constitutes a contempt of court as long as the licensee holds himself out as an attorney in good standing. The passing of time increases the enormity of the offense. In his brief we find respondent saying:

''Respondent contends that the base of this action is on a public record, namely; the records of the Supreme Court of Illinois, and the Relator having the privilege of corresponding with the officials of the Supreme Court of Illinois, or examining the records of the Supreme Court, or the Supreme Court reports of Illinois, and failing to do either which would have revealed the true fact, or facts, was due to his own negligence and no fault of Respondent.''

This court has never subscribed to such doctrine in disbarment proceedings. It is the duty of the applicant for a license to disclose facts pertaining to his qualifications, and all facts that would put the Board or the court on notice of any disqualifications.

392

In his response and motion to discharge the rule, respondent challenges the validity of the order of the Supreme Court of Illinois on several grounds, none of which is meritorious. That judgment which has been properly authenticated under the Act of Congress reads:

"Now on this day the court having duly considered the motion of Relator to make the rule absolute and the court having also considered the Information and Answer herein, and being now advised of and concerning the premises, grants the motion and it is ordered that the Rule herein be made absolute, the license of the respondent to practice law revoked, and that the name of respondent, Louis C. Taylor, be stricken from the practice of law in any of the courts of this State."

After denying that he was disbarred, the respondent erroneously contends that the order is not signed by any Judge of the Supreme Court, therefore not an order, judgment or decree; second, that the record, if anything, is merely a minute of the clerk, and not a final order because it shows an act to be performed in the future, that is that the rule *be* made absolute; his name *be* stricken and that he *be* disbarred; third, that he disclosed to the Board all facts concerning his eligibility, basing this contention on his interpretation of the proceedings before, and the order of, the Illinois Court.

In answer to all of these contentions it is only necessary to state that this court, as well as the Supreme Court of Illinois, considers the order to be a final order and treated as such by respondent, who files a letter written to him by the Supreme Court clerk, and which in part reads:

"In the above entitled cause a motion was filed by Relator to refer the cause to a commissioner, or to make the rule absolute. The Court in passing upon this motion ordered that the rule be made absolute and the name of Louis C. Taylor stricken from the roll of attorneys. Our records also show that a motion was filed by respondent, Louis C. Taylor, to set aside the order making the rule absolute and striking the name from the roll of attorneys, which was denied by the Court on February 5, 1930."

From the proof filed by respondent it is conclusively

shown that he was disbarred in the State of Illinois and that fact, although known to him, was never disclosed in his verified application, or otherwise. Therefore, no foundation existed upon which this court could issue a valid license. A license to practice law in this Commonwealth can be granted in no other way than by the authority of this court. This license, a personal privilege, is burdened with pre-existing as well as subsequent conditions calculated to uphold and maintain the dignity of the court, the ethics of the profession and the welfare of all concerned with the administration of justice. When it comes to the attention of the court that any of these conditions have been directly violated, or indirectly circumvented, the court is not only vested with the authority, but is charged with the duty, to purge the bar of the violator. Bowles v. United States, 4 Cir., 50 F.2d 848 Rhode Island Bar Ass'n v. Automobile Service Ass'n, 55 R.I. 122, 179 A. 139, 100 A.L.R. 226.

Respondent also complains that the Board has not filed the certificate of the Supreme Court of Illinois issued in 1939 to the effect that he was a member of the bar in good standing. It may be admitted; however, exhibits filed by respondent show conclusively that if one was issued, it was done through oversight of the foreign court and further proof on this and other points is not called for. He has not denied that he was a party to the disbarment proceedings. His response consists entirely of technicalities, directed mainly toward the validity of the orders of the Supreme Court of Illinois, which he claims bar this court from now inquiring into those, as well as our own orders.

Respondent on February 2, 1948, filed supplemental or reply brief and a motion to require relator to file with the Court a certificate of respondent's certificate and standing before the Illinois Court as of April 16, 1939. The supplemental brief presents no new convincing arguments. The motion for rule, passed to merits, is overruled.

It is the opinion of the court that the response is insufficient. It is, therefore, ordered that the rule be made absolute and that respondent be adjudged in contempt of this court; that the license of respondent be revoked, and the name of Louis C. Taylor stricken from

the roll of attorneys of this Commonwealth, and that he forever be barred from the practice of law in any of the courts of this Commonwealth.