**In re Charles E. LANE.**

Court of Appeals of Kentucky.

May 25, 1956.

Edwin O. Davis, Louisville, for respondent.

Jo M. Ferguson, Atty. Gen., and John B. Browning, Asst. Atty. Gen., for the Bar Commissioners.

## PER CURIAM.

The Louisville Bar Association filed a complaint against Charles E. Lane, charging him with making two false statements under oath in December 1949, on his application for admission to law school and to the Kentucky State Bar Association when and if he obtained his law degree and passed the state bar examination. The false statements were that he had never been a defendant in a civil or criminal proceeding, and that he had been a resident of Louisville from 1945 to 1949. He passed his state bar examination in 1952, was admitted to the bar and has been practicing in Louisville since that date.

Mr. Lane's response admits both statements were false; that he had been convicted of a felony in 1947, served a year in federal prison and was released in April 1948. The response set out a rather pathetic situation relating to his conviction. Upon a hearing, the Trial Committee of the State Board of Bar Commissioners found Lane had obtained his license "upon a fraudulent foundation" and recommended that his license "be revoked and canceled." The Board followed the Trial Committee and recommended to this Court that Lane's license be revoked. Upon a rule issued by this Court against Mr. Lane, he made the same response here as he did before the Trial Committee.

Respondent is now 31 years of age and the facts leading him into trouble, as shown in his response, are these: He married quite young and attempted to work his way through medical school with the aid of his "G.I. Bill of Rights." His wife was stricken with tuberculosis and it was necessary for him to put her in a sanitorium. Although he worked nights in a drug store in Kansas, he was unable to supply Mrs. Lane's medical needs and he cashed some American Express Money Checks which did not belong to him. By great sacrifice his family made restitution and the State charges against him were dismissed. Lane and his wife returned to Kentucky and the federal government prosecuted him. Upon a plea of guilty, he served a year in federal prison in Ashland for interstate transportation of stolen securities. Upon being released from prison, he became a good citizen, held several positions of trust and entered the Jefferson School of Law in 1949. To protect himself from his past, Mr. Lane made the two false statements on his application for admission to the bar. He got his law degree and passed the state bar examination in 1952, and from the record has led an exemplary life since leaving prison and has been successful in his profession.

Mr. Lane states his wife's illness affected her emotionally and they had marital difficulties resulting in her obtaining a divorce, which he did not contest. After they were divorced, Mrs. Lane made demands upon him for money under threats that she would expose his past. Lane met her demands as long as possible, but in time they reached such proportions that he could not comply therewith, and she reported to the Louisville Bar Association that Lane had been convicted of a felony and had made false answers on his application for admission to the bar.

It is frankly admitted by Mr. Lane that he did wrong in making the false statements in his application, but he states he made them only to protect his future from a criminal past and not with a view to perpetrate a fraud. He argues he did not secure his license through a fraudulent misrepresentation, but that the false statements only related to his personal character—then good—which he did not want sullied by the one false step in his youth.

While we do not condone his action in swearing falsely about his past, we can see a distinction between his false statements and false statements made which bear directly on and perpetrate an actual fraud in obtaining a license. We will attempt to illustrate the difference by reference to the three cases relied on in the brief of the Board. In re Taylor, 309 Ky. 388, 217

S.W.2d 954; In re Price, 226 App.Div. 460, 235 N.Y.S. 601; In re Kristeller, 154 App. Div. 556, 139 N.Y.S. 64.

Louis C. Taylor in obtaining his Kentucky license represented he was a duly licensed attorney in Illinois. It was later discovered that when he made such representation Taylor had been permanently disbarred by the Supreme Court of Illinois. Thus he secured his license directly by fraud and there was no foundation upon which this Court could issue him a valid license, and we so held. In re Taylor, 309 Ky. 388, 217 S.W.2d 954. Here, Lane's license was not obtained through fraud although he did make false statements as to his past character to enable him to take the state bar examination.

In re Price, 226 App.Div. 460, 235 N.Y.S. 601, is much like the Taylor case. Henry C. Price falsely swore that he was a member of the New York Bar for the purpose of being admitted to the Indiana Bar. After being admitted in Indiana by the fraud he perpetrated, he then obtained admission to the New York Bar by swearing he was a member of the Indiana Bar. Thus his fraud resulted directly in obtaining his licenses.

In re Kristeller, 154 App.Div. 556, 139 N.Y.S. 64, the applicant had a long criminal record which he concealed from the New York Board of Law Examiners, including at least one felony conviction. The fact that Kristeller concealed his felony conviction was held cause for disbarment, since at that time in New York a felony conviction was ground for disbarment, as it was in this State prior to 1948 when KRS 30.100 was repealed. Since a felony conviction in Kentucky no longer ipso facto bars one from the practice of law, In re Rudd, 310 Ky. 630, 221 S.W.2d 688; In re McCoy, Ky., 239 S.W.2d 86; In re May, Ky., 239 S.W.2d 95, we feel the concealment of that fact in the circumstances presented in this record should not cause Lane's license to be revoked.

■ We realize Mr. Lane did wrong in concealing his conviction in his application, but he has led an exemplary life since

being released from prison in 1949. We do not know of any authority whereby the Board may revoke a lawyer's license, and the greatest punishment it may inflict is permanent disbarment. Therefore when the Board recommended that Lane's license be revoked, we construe this recommendation to mean that he be disbarred permanently. In the peculiar circumstances shown in this record we think sufficient punishment would be to suspend Mr. Lane from the practice of law for two years.

■ In reaching this conclusion, we are not unmindful that there are many cases from various jurisdictions which hold that one who makes a false statement in his application for admission to the bar as to a previous conviction of a felony shall be disbarred. See 5 Am.Jur. "Attorneys at Law," § 259, p. 416 and notes thereto; Annotations, 165 A.L.R. 1151. Also, we realize that for one to be worthy to practice law he must have a good character upon entering the profession and must maintain such character all through his professional life if the dignity of the courts, the ethics of the profession and the welfare of the administration of justice are to be maintained. Yet at times it is beneficial to the public welfare to temper justice with mercy and not forever close the door of opportunity in the face of a man who has made one false step in his youth. We are not willing to say that Lane after recovering his place in society since his felony conviction must be forever damned because he made false statements in attempting to conceal his past. Instead of taking such drastic action we will follow the Supreme Court of Illinois in People ex rel, Denneen v. Coleman, 210 Ill. 79, 71 N.E. 693, where the court refused to permanently disbar Coleman because he had concealed a previous felony conviction in his application for admission to the bar. Also see State ex rel. Grievance Committee v. Woerndle, 109 Or. 461, 209 P. 604, 220 P. 744, where the Supreme Court of Oregon refused to disbar permanently an attorney who made a false statement relative to obtaining a passport, but deemed suspension from the practice for six months was sufficient punishment.

It is the judgment of this Court that Lane should be, and is, hereby suspended from the practice of law in all courts in this State for two years from May 25, 1956.

CAMMACK, Judge (concurring).

While I am in accord with the result reached, I believe it would have been better practice had the question been referred to the State Board of Bar Examiners at some stage of the proceeding. Since this is primarily an administrative matter, ordinarily it would be raised first with that Board.