**KENTUCKY BAR ASSOCIATION,**
Complainant,

v.

**Burton R. SIGNER, Respondent.**

Supreme Court of Kentucky.

Oct. 7, 1977.

Rehearing Denied Jan. 10, 1978.

Leslie G. Whitmer, Director, John T. Damron, Asst. Director, Frankfort, for complainant.

Frank A. Logan, Louisville, for respondent.

PER CURIAM.

This is round two in disciplinary proceedings against Burton R. Signer, a Newport, Kentucky attorney, and a member of the Kentucky Bar Association.

Signer was admitted to the Ohio bar on April 23, 1958. After practicing in Ohio for more than 5 years, on March 2, 1966, Signer applied for admission to the Kentucky bar without examination. The National Conference of Bar Examiners received a favorable report on the moral and professional character of Signer. He was admitted to the Kentucky bar on July 22, 1966.

During 1965 Signer had conducted certain unsavory business dealings in Ohio. His unethical conduct in respect to those business matters resulted in his disbarment by the Supreme Court of Ohio on July 28, 1972. See *Cincinnati Bar Association v. Signer*, 30 Ohio St.2d 303, 285 N.E.2d 10 (1972). The Kentucky Bar Association had no information of the Ohio disciplinary proceedings against Signer until 1973. On January 9, 1974, the Kentucky Bar Association instituted disciplinary proceedings against Signer based solely on the Ohio disbarment.

The trial committee conducted a hearing of the charge. Under the authority of *In re Clay*, Ky., 261 S.W.2d 301 (1953), the trial committee concluded that the Full Faith and Credit clause of the United States Constitution (Article 4, § 1) required Signer to be disbarred or suspended in Kentucky so long as the Ohio disbarment continued in full force and effect. The Board of Governors of the Kentucky Bar Association concurred and recommended to this court that Signer be disbarred as an attorney.

This court held that full faith and credit does not require a disbarment in one state to automatically disbar an attorney in this state. *In re Clay*, Ky., 261 S.W.2d 301 (1953) was held to be unsound and was overruled. See *Kentucky Bar Association v. Signer*, Ky., 533 S.W.2d 534 (1976).

In *Signer*, supra, this court held that if the Kentucky Bar Association had no

knowledge of the disbarment proceedings in Ohio or was unaware of some substantial element of it, "public protection against a potential vulture justifies disbarment if it be fairly determined after a due process hearing that the conduct was such that, if known at the time, it would have certainly resulted in a denial of his [Signer's] application for admission to the bar."

This court's holding in *Signer*, supra, was:

"It will be necessary, therefore, for the bar association to determine whether to institute a new charge or an amended charge against Signer based upon the facts adjudicated by the Ohio court and, in the event such a charge is brought, to have it heard and considered with respect to whether those facts, if known at the time, in good conscience would have required (not *justified*, but *required*) rejection of his application."

The matter was remanded to the Kentucky Bar Association for further proceedings. In the commencement of round two, the Kentucky Bar Association on March 17, 1976, filed an amended and supplemental charge based upon the decision of *Signer*, supra. The charges placed against Signer were unethical and unprofessional conduct as evidenced by the confirmation of a report of the Board of Bar Commissioners on Grievances and Discipline by the Ohio Supreme Court. The main thrust of the charge against Signer was that he directly misrepresented to the Board of Bar Examiners his fitness to be a member of the Kentucky Bar Association. The further charge was that had the board known of Signer's conduct in Ohio it would have required a recommendation to deny Signer's motion for admittance. An answer was timely filed. A trial committee heard the evidence and submitted a report to the Board of Governors.

The Board of Governors recommended in its minutes of certification to this court that Signer be found guilty of the charge of misrepresentation and that he be disbarred and ordered to pay the costs of these proceedings.

■ Signer has attacked the proceedings as being "quasi-criminal" and of an adversary nature. He supported that argument with the case of *Lenihan v. Commonwealth*, 165 Ky. 93, 176 S.W. 948 (1915). However, it is noted that *Lenihan*, supra, was decided prior to the unification of the bar in Kentucky. It is crystal clear that subsequent to the Uniform Bar Act, this court has consistently held disciplinary proceedings to be civil in nature and not criminal, nor even quasi-criminal. *In re Edge*, Ky., 282 S.W.2d 830 (1955).

Disciplinary proceedings are inquiries into what may have constituted unethical and unprofessional conduct. The Kentucky Bar Association does not take an adversary position and this court has consistently so held. See *In re Taylor*, 309 Ky. 388, 217 S.W.2d 954 (1948).

■ Signer contends that the disciplinary action against him in these proceedings is barred by the statute of limitations set out in KRS 413.120(3), (12) and KRS 413.130(3). He contends that it is an abrogation of due process and equal protection not to apply the statute of limitations since it would apply if he were not an attorney. Signer's argument in this respect has no merit. In a number of cases this court has held that the statute of limitations is not a bar to the initiation of disciplinary proceedings. In *Taylor*, supra, the applicant states in his application that he had been a regularly licensed and practicing attorney in good standing in Illinois from 1927 to 1938, when in truth and in fact he had been disbarred by the Supreme Court of Illinois in 1928. Upon receipt of this information in 1935 this court issued a rule for Taylor to show cause why his license should not be revoked. Taylor argued unsuccessfully that KRS 413.120(12) barred the action "for relief or damages on the ground of fraud or mistake" since more than 5 years had elapsed. The court rejected the argument noting that the proceeding was not an adversary one, the court added:

"If one fraudulently obtains a license and enters into and continues the practice of law, such conduct constitutes a contempt

of court as long as the licensee holds himself out as an attorney in good standing." *In re Taylor,* supra, at 956.

It is true that the complaint against Signer does not allege fraud. It does charge him with a misrepresentation of his fitness to be an attorney. This charge is based on Signer's response to Question No. 23 on his application, "Is there any other incident in your career not hereinbefore referred to, having a bearing upon your character or fitness for admission to the bar?" Signer answered the question in the negative.

Since Signer's failure to disclose was a significant factor in the delay of the information coming to the attention of the bar, he cannot now seek the shelter of the statute of limitations. This is consistent with the holding in *Taylor,* supra, in which this court stated in clear and concise language:

"It is the duty of the applicant for a license to disclose facts pertaining to his qualifications, and all facts that would put the Board or the court on notice of any disqualifications."

Signer contends that the same matters presented in this case were presented in his previous hearing before the board. He bases his argument on the fact that in this and the prior action the Kentucky bar included as an appendix in its brief the findings of fact and recommendations of the Board of Commissioners on Grievances and Discipline of the Supreme Court of Ohio. He reasons that since the facts were once litigated between these parties they are barred from further litigation. Signer's contention is without foundation.

Signer is charged that he misrepresented his character to the Kentucky Board of Bar Examiners when he applied for admission to the bar. The charge states that had the Board of Bar Examiners known of Signer's conduct they would have required a rejection of his admission to the Kentucky bar. Two of the three[1] members of the Kentucky Board of Bar Examiners testified in no uncertain terms that if at the time of Signer's application for admission to the

Kentucky Bar Association, they had known the facts later disclosed by the Ohio disciplinary proceedings, they in good conscience would have required rejection of the application.

The testimony of the two board members in respect to Signer's conduct in this matter is as follows:

"Q. Mr. Francis, now, in your opinion as a member of this Committee, *in good conscience* would knowledge of these facts required rejection of his application?

A. They would."

and the other member:

"Q. Had you been aware of these facts, sir would you have approved the admission of Mr. Signer to the Kentucky Bar Association?

A. Frankly, I would not have.

Q. Mr. Lampe, in your opinion, sir, had these facts been known at the time of his application for admission would *in good conscience* knowledge of these facts required rejection of his application?

\*    \*    \*    \*    \*    \*

A. I think these facts would have required rejection."

This court is of the opinion that the Kentucky Bar Association has met the criterion set out by this court in round one, *Kentucky Bar Association v. Signer,* Ky., 533 S.W.2d 534 (1976).

Signer has been afforded a due process hearing within the scope of his constitutional rights. The board's recommendation of permanent disbarment is justified in light of Signer's conduct while a member of the Ohio bar and his concealment of that conduct from the Kentucky Board of Bar Examiners upon his motion to be admitted to practice.

This court adopts the recommendation of the Kentucky Board of Bar Governors. Accordingly, Burton R. Signer is permanently disbarred from the practice of law in this

---

1. The third member was deceased at the time of the hearing.

Commonwealth, and it is adjudged that he pay the costs of this action.

All concur.