**In the Matter of Augustus CHAROS, Jr.**

**No. 98S00–8905–DI–429.**

Supreme Court of Indiana.

Filed Feb. 17, 1992.

Augustus Charos, Jr., respondent pro se.

Charles M. Kidd, Staff Atty., Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

PER CURIAM.

The Respondent, Augustus Charos, Jr., has been charged with making a material false statement and failing to disclose a material fact in connection with his application to the Bar and with engaging in conduct involving dishonesty, deceit and misrepresentation and conduct that adversely reflects on his fitness to practice law, all in violation of Disciplinary Rules 1–101(A), 1–102(A)(1), (4) and (6) of the *Code of Professional Responsibility.*

This Court appointed a Hearing Officer who, pursuant to Admission and Discipline Rule 23, has held a hearing and has tendered to this Court his findings and conclusions. Neither party has requested a review, and the case is now before us for a final determination of misconduct and assessment of any sanction. The review process employed in disciplinary matters involves a *de novo* examination of all matters presented to the court. However, when unchallenged, as in this case, the Hearing Officer's findings are accepted but this Court reserves the right to evaluate such findings and reach conclusions as to misconduct. *In re Huebner* (1990), Ind., 561 N.E.2d 492; *In re Fox* (1989), Ind., 547 N.E.2d 850.

Upon review of all matters now before us, we conclude that the Hearing Officer's findings should be accepted and approved. Accordingly, we find that, after graduating from Western State University College of Law in San Diego, California, the Respondent submitted his application to take the bar examination in Rhode Island. His application was returned, and he was denied the opportunity because Rhode Island required, as a prerequisite to admission, graduation from a law school approved by the American Bar Association or admission in another jurisdiction which did not require graduation from an ABA accredited school.

In March, 1982, the Respondent, as a nonresident of the State of Indiana, filed his application for admission to the Bar of Indiana upon examination. Question eleven of the application asked the applicant to list the other states in which he had applied

for admission. The Respondent did not disclose his Rhode Island application.

Question eighteen of the application asked for any incidents of a derogatory nature in which the applicant had been involved that would have any bearing on his character and fitness to practice law. Respondent answered "none".

However, in 1973, the Respondent had been arrested in Massachusetts for his alleged role in a drugstore robbery. These charges had been dismissed later. In 1976, he had been arrested in Massachusetts for breaking and entering a motor vehicle and refusing to stop for a uniformed police officer. At the probable cause hearing, he had been found not guilty of the first charge while the second charge had been filed. In March of 1978, he had been arrested for possession of stolen property involving his purchase of an allegedly stolen television set. The case had been subsequently dismissed.

After admission to the Indiana Bar, the Respondent returned to Rhode Island where he submitted proof of his Indiana admission, passed the Rhode Island bar examination, and was admitted to practice there in 1983. On February 2, 1988, he was suspended from the practice of law in Rhode Island for ninety days for giving a false answer on that bar application regarding his former arrest record. Respondent's suspension from practice in Rhode Island formed a factual basis for resulting disciplinary proceedings in California where he had been also admitted to the Bar. The California disciplinary action was resolved through a stipulation of facts and discipline whereby the Respondent was suspended from the practice of law for twelve months, eleven of which were stayed, followed by one year of probation conditioned on specific terms of action and conduct. The Respondent has successfully completed all the requirements of the disciplinary actions in California and Rhode Island and is currently a member of the Bar in good standing in each of these states.

The foregoing findings establish that the Respondent made a materially false state-ment and failed to disclose material facts requested on his application for admission in violation of D.R. 1–101(A). Such conduct involves dishonesty, deceit and misrepresentation and is in violation of D.R. 1–102(A)(4). This deceitful conduct reflects adversely on Respondent's fitness as a lawyer, in violation of D.R. 1–102(A)(6). Additionally, Respondent's discipline in Rhode Island and California establishes grounds for discipline in this state pursuant to Admission and Discipline Rule 23, Section 2(b).

Having concluded that the Respondent engaged in professional misconduct, we must now address the question of sanction. This involves an examination of the nature of the violation, the specific acts of the Respondent, this Court's responsibility to preserve the integrity of the Bar, and the risk to which the public will be subjected if the Respondent is permitted to continue in the profession. *In re Gemmer* (1991), Ind., 566 N.E.2d 528; *In re Kern* (1990), Ind., 555 N.E.2d 479; *In re Hampton* (1989), Ind., 533 N.E.2d 122. At his very first encounter with a situation calling for sound professional ethics, this Respondent embarked on a path of deception. The very nature of this violation indicates a serious lack of candor which reflects negatively on a lawyer's integrity and professional status. In light of this, we conclude that a period of suspension from the practice of law is an appropriate sanction. It is, therefore, ordered that Augustus Charos, Jr. is hereby suspended from the practice of law for a period of not less than one (1) year, beginning March 1, 1992.

Costs of this proceeding are assessed against the Respondent.