KENTUCKY BAR ASSOCIATION, Complainant,

v.

John J. GUIDUGLI, Respondent.

No. 97–SC–857–KB.

Supreme Court of Kentucky.

April 16, 1998.

## ORDER OF SUSPENSION

This is a disciplinary matter brought by the Kentucky Bar Association against John J. Guidugli of Covington, Kentucky. Guidugli has been a member of the Kentucky Bar Association since 1993. He is charged with having violated SCR 3.130–8.1(a) and (b) by having failed to disclose information requested in the application for character and fitness certification when he applied for the bar examination. Following a hearing before a trial commissioner, and upon vote of the Board of Governors, Respondent has been found guilty of that charge. The penalty imposed by the Board was a thirty-day suspension from the practice of law, with reinstatement dependent upon the results of a Character and Fitness evaluation. This Court requested review and briefing pursuant to SCR 3.370(8). For the reasons set forth in this order, we affirm the decision of the Board of Governors.

In 1987, Respondent entered an *Alford* plea to a misdemeanor charge of endangering the welfare of a minor in violation of KRS 530 .060 in the Campbell District Court, Juvenile Division. Pursuant to the then-effective version of KRS 208.020(4), one charged with endangering a minor would be within the "exclusive jurisdiction" of the juvenile session. Respondent received a one-year sentence, conditionally discharged for two years, provided he fulfill a number of special conditions prohibiting contact with the victim of the offense and limiting contact with other juveniles. He was directed to surrender his teaching certificate, refrain from coaching organized sports involving juveniles, hold no position that would involve the supervising or counseling of juveniles, receive counseling through the Turpin Sexual Offender Program, and not serve as a foster parent. The latter requirement was apparently imposed because Respondent and his wife were serving as the victim's foster parents when the charges arose.

The presiding judge ordered the record sealed as a regular record of the juvenile court, until further orders of the court or unless "requested by any court in which the Defendant may be on trial for any charge relating to sexual abuse of a minor."

After his conviction, Respondent attended law school and took the Kentucky bar exam in 1993. He then obtained employment with the Kenton County Attorney's office and was placed in charge of the Juvenile Division of that office. The 1987 criminal proceedings came to light when the victim became aware of Respondent's employment in that position and went to the local newspapers with the story.

The specific questions which Respondent is charged with having answered falsely are as follows:

Have you ever been charged with or convicted of or plead guilty or no contest to a felony charge, or to a misdemeanor charge, excluding traffic?

Is there any other incident(s) or occurrence(s) in your life, which is not otherwise referred to in this application, which has a bearing, either directly or indirectly, upon your character and fitness for admission to the Bar?

Though concerned about whether to reveal the conviction, Respondent did not seek an advisory opinion from the Character and Fitness Committee of the Board of Bar Examiners pursuant to the then-applicable SCR 2.040(3). He was charged with a violation of SCR 3.130–8.1, which states:

An applicant for admission to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not: (a) Knowingly make a false statement of material fact; or (b) Fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this rule does not require disclosure of information otherwise protected by Rule 1.6.

█ The defense asserted, before the Board and here, that Respondent relied upon legal advice given to him both by the lawyer who represented him at the time of the *Alford* plea and by his brother, who was at the time of the plea a district judge. Respondent testified it was their advice that, because the record of his plea was sealed, it was as though the conviction had never existed and thus did not need to be revealed. Reference was made to KRS 208.275(4), since repealed, which provided as follows:

Upon the entry of an order to seal the records, the proceedings in the case shall be deemed never to have occurred, and all index references shall be deleted and the person and court may properly reply that no record exists with respect to such person upon any inquiry in the matter.

Respondent testified, and the Trial Commissioner found, that in reliance on the advice of both his counsel and his brother, he did not reveal the plea. He also testified, as did his brother, that a request for a record search was made to pre-trial services, which search revealed no charge. As the Trial Commissioner found, however, there was never an expungement of the record as permitted under then KRS 208.275, now KRS 610.330, nor was there a motion made for expungement. Our review of the record indicates that Respondent acted in good faith and with diligence in ascertaining whether to reveal the proceedings that took place in the juvenile court.

█ Our own review of the statutes involved indicates that the distinction between a sealed record and an expunged record is not immediately clear, though both are discussed in the same chapter of the Kentucky Revised Statutes in related sections. Because of this narrow distinction and the dearth of case law on the issue, Respondent's actions in seeking legal counsel on the issue of disclosure render his decision within reasonable boundaries. Given the efforts he expended on the issue in determining the proper course of action, we agree with the Board that the appropriate penalty for this violation of the requirement to exercise complete candor in dealing with the Bar Association is a thirty (30) day suspension with a requirement that Respondent's petition for reinstatement be contingent upon approval of the Character and Fitness Committee.

IT IS THEREFORE ORDERED:

1. The Respondent, John J. Guidugli, is adjudged guilty as charged of violation of Supreme Court Rule 3.130–8(a) and (b).

2. The Respondent is hereby suspended from the practice of law in this Commonwealth for a period of thirty (30) days from the date of entry of this order.

3. Respondent shall not apply for reinstatement until and unless he receives a favorable evaluation by the Character and Fitness Committee.

4. Pursuant to SCR 3.390, Respondent shall, within ten (10) days of the date of this order, notify all courts in which he has matters pending and all clients for whom he is actively involved in litigation and similar legal matters of his inability to represent them, and of the necessity and urgency of promptly retaining new counsel. Such notification shall be by letter duly and timely placed in the United States mail, and the Respondent shall simultaneously and in the same manner provide a copy of all such letters to the Director of the Kentucky Bar Association.

5. The Kentucky Bar Association shall have from the Respondent recovery of all costs of this proceeding pursuant to SCR 3.450, said costs being in the amount of $750.50, to be paid within thirty (30) days of the entry of this order.

COOPER, GRAVES, JOHNSTONE and WINTERSHEIMER, JJ., concur.

STUMBO, J., dissents by separate opinion, in which STEPHENS, C.J., and LAMBERT, J., join.

Entered: April 16, 1998.

Robert F. Stephens
Chief Justice

STUMBO, Justice, dissenting.

While I have sympathy for Respondent and understand that he has suffered greatly already for his failure to reveal his Alford plea to the Bar Association, I cannot but protest the leniency with which he is treated

herein. My concern is with the complete lack of candor involved in the concealment of this matter from the Bar Association. As was stated in *In re Taylor,* 309 Ky. 388, 217 S.W.2d 954, 956 (1949), "[i]t is the duty of the applicant for a license to disclose facts pertaining to his qualifications, and all facts that would put the Board or the court on notice of any disqualifications."

As noted by the Bar Association in its brief, the issue before us is not whether Respondent would have passed an examination by the Character and Fitness Committee had this information been revealed, but rather, whether the failure to disclose his *Alford* plea, which would have been the subject of the investigation, is itself unethical. An application of the reasoning set forth in *Taylor* leads to the conclusion that it is an unethical act, meriting punishment.

In determining the appropriate penalty for Respondent, I would look to a similar case in Indiana, *In re Charos,* 585 N.E.2d 1334 (Ind. 1992). In that case, *Charos* failed to disclose that his application to take the bar exam in Rhode Island was rejected because he did not attend a law school accredited by the American Bar Association, and because he failed to disclose three prior arrests. He had not been convicted of any charge. The Indiana Supreme Court found Charos's omissions to be deceitful conduct and observed that "[a]t his very first encounter with a situation calling for sound professional ethics, this Respondent embarked upon a path of deception." *Id.* at 1335. The court then suspended Charos for one year. In my opinion, Respondent's acts herein are equally deceptive.

Similarly, in *In re Lane,* Ky., 291 S.W.2d 19 (1956), the predecessor to this Court imposed a two-year suspension on a respondent who previously had been convicted of a felony and had served a sentence in the federal system, none of which was revealed on his application for admission to the bar. Therein, the Court made a distinction between swearing falsely about one's past and committing an actual fraud in obtaining a license. The Court noted that in *In re Taylor,* 309 Ky. 388, 217 S.W.2d 954 (1949), the disciplined attorney was admitted to the Kentucky Bar based upon a representation that he was a member in good standing of the Illinois Bar. In fact, he had been disbarred in Illinois some seven years prior to his application. Thus, his Kentucky license was obtained by fraud and he was disbarred. In contrast, here, as in *Lane,* the Respondent concealed a prior conviction, and made a false statement as to his past character to enable him to take the bar. As in *Lane,* I am "not willing to say that [Respondent] after recovering his place in society since his . . . conviction must forever be damned because he made false statements in attempting to conceal his past." *In re Lane,* 291 S.W.2d at 21. However, to impose only a thirty-day suspension under conditions, in my opinion unduly depreciates the seriousness of the charge to which he entered a plea and the seriousness of his deception in an application to become a member of the legal profession in this state.

In writing this dissent, I do not ignore the testimony of Respondent's former employer, the Kenton County Attorney, who spoke glowingly of Respondent's work for his office and the innovative programs Respondent set in effect. Nor do I disregard the evidence of Respondent's struggle with the issue of whether to report his conviction on the admission forms and the length to which he went to obtain appropriate advice. However, the fact that he had to struggle with the decision at all should have indicated to Respondent that the issue was a serious one which should have been revealed. I would have imposed a suspension of one year, with reinstatement to be contingent upon a favorable evaluation by the Character and Fitness Committee. In doing less, I believe we do a disservice to the reputation of our profession and denigrate the responsibility of its members to hold themselves to the highest of standards.

STEPHENS, C.J., and LAMBERT, J., join.